Russell Brown
CHAPTER 13 TRUSTEE
Suite 800
3838 North Central Avenue
Phoenix, Arizona 85012-1965
602.277.8996
Fax 602.253.8346

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| In re | In Proceedings Under Chapter 13 |
|---|---|
| DOUGLAS ARTHUR WEBER, JR., | Case No. 2:09-BK-14257-RJH |
| and | **TRUSTEE'S RECOMMENDATION TO PLAN AND MORATORIUM** |
| ANDREA JANE WEBER, | (No hearing) |
| Debtors. | |

The Trustee has reviewed the Plan, Schedules, and Statement of Financial Affairs.

Trustee notes the following problems, which must be resolved before recommending confirmation of the Plan:

(1) SunTrust Mortgage. Inc. has filed an objection to the Plan. The attorney for the Debtor(s) must notify the Trustee if the objection has been resolved or, if the objection is unresolved, file the appropriate motion to get the Court to hold a hearing on the objection. If resolution of the objection changes Plan funding requirements, the Trustee requires receipt of an amended Plan analysis with any proposed order confirming the Plan. If a motion is filed to get a hearing before the Court, the time to submit a proposed Order confirming the Plan to the Trustee is extended.

(2) The proofs of claim filed by SunTrust Mortgage, Chrysler Financial Services Americas LLC, Credit Acceptance Corporation, and Internal Revenue Service differ from the creditors' treatment under the Plan or are not provided for by the Plan. The Trustee has received no notification that the issues have been resolved and the Debtor(s) must resolve the discrepancies before the Trustee recommends confirmation of the Plan. As to each claim, the Trustee requires that the Debtor(s): (a) file an objection to the claim (if the debt is believed to be unsecured; (b) notify the Trustee **in writing** that the claim issue has been resolved and the holder of the claim will endorse

the order confirming the Plan; (c) notify the Trustee **in writing** that the order confirming the Plan will provide for full payment of the claim; or (d) timely file an amended Plan to provide for some or all payment on the claim. If resolution of the claims changes Plan funding requirements, the Trustee requires the receipt of an amended Plan analysis (Local Form 13-2) with any proposed Order confirming the Plan. If one or more objections to the proofs of claim is timely filed by the Debtor(s), then the time to submit a proposed Order confirming the Plan to the Trustee is extended by 15 days after substantive completion of the last objection.

(3) Trustee requests copies of Debtors' two most recent consecutive pay stubs.

(4) Form B22C includes payments to the 2nd mortgage holder however the Debtors do not intend on making these payments as they are avoiding the lien. Debtors should amended Form B22C to remove this deduction from the Form.

(5) The Plan is underfunded. Form B22C requires Debtors to pay $205,059.60 to general unsecured creditors. The Trustee calculates a higher amount based upon the removal of the debt on the lien to be avoided. The Plan estimates $8,857.03 to general unsecured creditors. The Trustee requires that the order confirming plan provides for turnover of tax returns, along with all attachments, forms, schedules and statements, and refunds for 2010, 2011, 2012, and 2013, to be applied as a supplement to the Plan and paid for the benefit of general unsecured creditors.

(6) Trustee requests a copy of the 2009 federal and state income tax returns, along with all attachments, forms, schedules and statements, no later than June 28, 2010.

(7) The Statement of Financial Affairs #18 fails to list any prior business or self-employment in the six years before filing of the bankruptcy petition. The Trustee notes that two claims have been filed for debts incurred as Debtors doing business as Skintastic LLC. The Trustee requests additional documentation and information as to the status of the business, including dates of operation, list of any inventory and assets, copies of any bank statements, and a list of any accounts receivables.

(8) The Trustee requests that Debtors provide a complete copy of their bank statements for their Wells Fargo bank account listed on Schedule B covering the date of filing, and a complete copy

- 2 -

of their Credit Union West checking account statement covering the dates of filing. The Trustee notes that the savings account with Credit Union West on the date of filing appears to have a balance of $1,471.44 on the date of filing. Schedule C only exempts $10.00 in the Credit Union West account therefore the Debtors appear to have non-exempt funds that are required to be paid to unsecured creditors over the life of the Plan. The Trustee is unable to determine the exact amount and the impact on the Plan until he has received copies of the requested bank statements.

(9) The fees requested by the debtor's attorney exceed the standard for this district for a flat fee case. The Trustee requires that counsel file and notice a separate fee application for approval by the Court.

(10) The Debtors' previously filed a Motion for Moratorium. Any order confirming plan and approving moratorium must specify how the requested plan payment moratorium is to be cured. The Trustee calculates that the Plan payments will need to increase by $197.78 in the last 18 months of the Plan in order to cure this default, for a total payment of $1,384.43 in months 43 through 60 of the Plan.

(11) Other requirements:

(a) Due to the possibility of errors on the claims docket, it is the attorney's responsibility to review all proofs of claim filed with the Court and resolve any discrepancies between the claims and the Plan prior to submitting any proposed Order Confirming Plan to the Trustee.

(b) Requests by the Trustee for documents and information are not superseded by the filing of an amended plan or motion for moratorium.

(c) The Trustee will object to any reduction in the Plan duration or payout in a proposed Order Confirming Plan unless an amended or modified plan is filed and noticed out.

(d) The Trustee requires that any proposed Order Confirming Plan state: "The Plan and this Order shall not constitute an informal proof of claim for any creditor."

(e) To expedite the order review process, counsel must use the recommended form for the order confirming plan found at http://www.maney13trustee.com/mcforms2.htm. The order

- 3 -

confirming plan must be accompanied by a cover letter that goes over the Trustee's Recommendation items by each paragraph. **If counsel fails to use the order form and provide such letter, the Trustee will reject the proposed order outright and the time to comply with the Recommendation is not extended.**

(f) Any order confirming plan to provide that the Debtors will give the Trustee a copy of the 2010 and 2011 federal and state income tax returns, including all attachments, forms, schedules and statements, within fifteen days of filing them.

**Plan payment status:** Debtor's interim payments of $1,186.65 are current through January 2010. Payment in like amount is now past due for February 2010 with an additional payment coming due June 24, 2010. Debtor's remittance in the total amount of $2,373.30 must be received in the Trustee's office not later than June 28, 2010. Subsequent payments of $1,186.65, or in the amount provided by Court order, will be due on or before the 24th day of the month.

**SUMMARY:** Pursuant to Local Rule 2084-10, **by June 28, 2010**, Debtors are to resolve all of the above issues and provide the Trustee a proposed order confirming plan, or the Trustee will lodge a dismissal order. **The Court may dismiss the case without further notice for the Debtors' failure to timely comply with the Trustee's Recommendation.**

Copy mailed to:

Douglas Arthur Weber, Jr.
Andrea Jane Weber
3037 West Eagle Claw Drive
Phoenix, AZ 85086
Debtors

Joseph W. Charles
LAW OFFICE OF JOSEPH W. CHARLES PC
PO Box 1737
Glendale, AZ 85311-1737
Attorney for Debtors

- 4 -